J-S07019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATHIS AVERY SR. | : | |
| | : | |
| Appellant | : | No. 2272 EDA 2022 |

Appeal from the PCRA Order Entered August 16, 2022,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0002446-2009.

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 15, 2023**

Mathis Avery Sr. appeals *pro se* from the order denying his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and protracted procedural history may be summarized as follows: On November 2, 2011, a jury convicted Avery of attempted murder and related charges. On December 20, 2011, the trial court sentenced him to an aggregated term of 235 to 470 months of incarceration to be followed by a five-year probationary term. Avery appealed. On August 20, 2012, this Court affirmed his judgment of sentence. ***Commonwealth v. Avery***, 60 A.3d 575 (Pa. Super. 2012) (non-precedential decision). Avery did not seek further review.

On February 19, 2013, and September 18, 2013, Avery filed *pro se* petitions in which he requested the modification of his sentence *nunc pro tunc*. The court did not address these petitions because they were not forwarded to the court's chambers as required by Pa.R.Crim.P. 903(A).

On November 21, 2013, Avery filed a timely PCRA petition and the PCRA court appointed counsel. Thereafter, PCRA counsel submitted a "no-merit" letter and a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 18, 2015, the PCRA court granted counsel's petition to withdraw and filed a Pa.R.A.P. 907 notice of its intent to dismiss Avery's petition without a hearing. Avery filed a response. By order entered April 14, 2015, the PCRA court dismissed Avery's petition.

Avery appealed. On March 21, 2016, this Court vacated the PCRA court's order and remanded for the appointment of counsel for Avery. **Commonwealth v. Avery**, 144 A.3d 203 (Pa. Super. 2016) (non-precedential decision). In doing so, we found that the PCRA court should have treated Avery's earlier 2013 filings as PCRA petitions. **Id.** As a result, this Court remanded for the appointment of counsel on Avery's behalf to review these petitions.

Following remand, the PCRA court appointed counsel, who also sought to withdraw by filing a **Turner/Finley** no-merit brief. On April 3, 2018, the PCRA court filed Rule 907 notice of its intent to dismiss these petitions and granted counsel permission to withdraw. Before the PCRA court could enter

a final order denying his petition, Avery filed a notice of appeal purportedly challenging an order entered April 13, 2018. Thereafter, on May 2, 2018, the PCRA court entered a final order dismissing Avery's PCRA petitions.

As an initial matter, this Court determined that, because Avery's premature appeal was later finalized by the PCRA court's final order, we could address the merits of his claims. *See Commonwealth v. Avery*, 209 A.3d 484 (Pa. Super. 2019) (non-precedential decision). We then determined, however, that the substantial defects in Avery's *pro se* brief impeded appellate review. *See id.* at 5 (stating that, "[u]pon review of [Avery's] brief, we find no coherent legal discussion and cannot decipher the issues that [he] is asking this Court to review"). Thus, we found all of Avery's issues waived, and affirmed the order denying him post-conviction relief. *Id.*

On May 23, 2019, Avery filed a motion for new trial and arrest of judgment. The Commonwealth filed an answer in which it asserted that this motion should treated as an untimely-filed serial PCRA petition. On October 20, 2019, the PCRA court dismissed Avery's petition on this basis. Avery did not file an appeal.

On April 14, 2020, Avery filed a document titled: "In support of Trial Counsel, Appeal Counsel, Layered Ineffectiveness," which the court treated as a serial PCRA petition. Thereafter, the PCRA court issued a Rule 907 notice, in which it stated that Avery's petition was untimely filed and did not invoke a valid exception to the PCRA's time bar. By order entered July 30, 2020, the PCRA court denied the petition.

Avery appealed. On February 22, 2021, this Court affirmed the order denying post-conviction relief. **See Commonwealth v. Avery**, 249 A.3d 1170 (Pa. Super. 2021) (non-precedential decision). We first noted that Avery's "*pro se* brief consists of a series of citations to cases and statements that are difficult to follow." **See id.** at 2. Nevertheless, we agreed with the PCRA court that Avery's third petition was untimely filed, and that he did not attempt to plead or prove any of the timeliness exceptions in his petition.

On June 14, 2022, Avery filed another document titled "In Support, Nunc Pro Tunc, Suppression, Pre-Sentence Report, Affidavit of Probable Cause, Opinion, Lower Court." The PCRA court again treated this filing as a serial PCRA petition, and, on July 8, 2022, issued a Rule 907 notice of its intent to dismiss the petition without a hearing. Avery filed a response. By order entered August 15, 2022, the PCRA court dismissed Avery's petition. This appeal followed. Although the PCRA court did not require Avery to comply with Pa.R.A.P. 1925(b), the court filed a Rule 1925(a) opinion on October 25, 2022.

Avery challenges the denial of his most recent attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Blakeney**, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id.**

Initially, we note that Avery's *pro se* brief once again contains substantial defects in that it almost completely fails to comply with the Pennsylvania Rules of Appellate Procedure. **See generally**, Pa.R.A.P. 2111(a). Most importantly, Avery's brief fails to include a statement of questions involved on appeal or a summary of his argument. Pa.R.A.P. 2116, 2118. Thus, we are unable to determine what substantive issues Avery wished to raise. Nevertheless, as in his previous appeal, we must first determine whether the PCRA court correctly concluded that Avery's serial petition was untimely filed, and that Avery failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the

lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Avery's judgment of sentence became final on September 19, 2012, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal to our Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Avery had until September 19, 2013, to file a timely petition. Because Avery filed the serial petition at issue in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Our review of Avery's serial petition reveals that, like his previous petition for post-conviction relief, Avery has failed to plead, let alone prove, the applicability of any of the PCRA's timeliness exceptions. Therefore, this Court, like the PCRA court, is without jurisdiction to consider the merits of this appeal. **Derrickson**, **supra**. We thus affirm the PCRA court's order dismissing Avery's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/15/2023</u>